UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Maceo Edwards, | ) | C/A No. 4:10-998-JFA-TER |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Ronnie Sabb, Solicitor; | ) | |
| Kevin Washington, Sheriffs Department, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is a pretrial detainee housed at Williamsburg County Detention Center in Kingstree, South Carolina. According to the complaint, Plaintiff was first held at the detention center from 2002 until his conviction in 2006, at which time he was transferred to a South Carolina Department of Corrections facility. However, in 2009 the Supreme Court of South Carolina overturned the 2006 conviction "because [Chief Justice Jean Toal] said that I did not have a fiar (sic) trial at all." Complaint at 3. Plaintiff was therefore transferred back to the county detention center on October 13, 2009, and is now awaiting another trial. He believes he is being held illegally because when he asks for the "warrants on him," no one has produced them, leading him to believe such do not exist; he also feels insufficient evidence exists to justify his detention. He does not request money, but says in terms of relief "I just want justice to be serve (sic)." Complaint at 5.

## *Pro Se* and *In Forma Pauperis Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and

*Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

It is difficult to discern exactly what relief Plaintiff hopes to gain in this action. It is clear

2

that he feels he is being held without sufficient evidence that ties him to the crimes with which he is charged. However, he does not seek release from the detention center, which would, in any case, sound in habeas. In addition to the Complaint, Plaintiff has submitted a letter and attachments which indicate that before his previous trial on these charges, his defense attorney made a motion for a speedy trial. Plaintiff says in his letter, "I want a full investigation on why they deny me and my brothers right for a fast and speedy trial." Letter of April 28, 2010, at Docket Entry 5. However, the prosecutor has absolute immunity and cannot be sued in a District Court under 42 U.S.C. § 1983 for failure to afford Plaintiff a speedy trial. *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Cribb v. Pelham*, 552 F.Supp. 1217 (D.S.C. 1982); *Prince v. Wallace*, 568 F.2d 1176 (5th Cir. 1978); *Ledwith v. Douglas*, 568 F.2d 117 (8th Cir. 1978); and *Philips v. Nash*, 311 F.2d 513 (7th Cir. 1962). And Plaintiff has not made any claim against the former Sheriff that would seem to relate to a speedy trial claim.

Whatever Plaintiff is attempting to accomplish, this Court's oversight in ensuring that justice be served would require interference in an ongoing state court prosecution.

"In *Younger* [*v. Harris*, 401 U.S. 37 (1971)], the Supreme Court plainly declared that federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. "In *Younger* and its progeny, the Supreme Court generally has found abstention appropriate if the following three-pronged test has been met: 1/ there are ongoing state judicial proceedings; 2/ the proceedings implicate important state interests; and 3/ there is an adequate

opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

Plaintiff indicates that he is in detention waiting to be tried for the charges on which he is being held. Thus, ongoing state criminal proceedings exist as required by the first prong of the *Younger* test. The second prong has been addressed by the Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third prong in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

However, because federal courts will normally abstain from interfering with an on-going state criminal proceeding, Plaintiff must demonstrate "special circumstances" which justify federal intervention. *Dickerson v. Louisiana*, 816 F.2d 220, 225-26 (5th Cir.); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975).

While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a Plaintiff's constitutional rights without pre-trial intervention. *Moore*, 515 F.2d at 449. Thus, where a threat to the Plaintiff's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed ... would be violated" if

4

peitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449.

This Court must abstain from addressing Plaintiff's speedy trial claim, if any, because Plaintiff has not shown "special circumstances." *See Moore*, 515 F.2d at 443 (concluding the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal); *see generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226-27. If Plaintiff's complaint is that his second trial is delayed in violation of his right to a speedy trial, Plaintiff can pursue his claims in state court both during and after trial, so he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43-44.

It is possible that he is attempting to bring a habeas case under 28 U.S.C. § 2241; however, he has not specifically asked for such relief, and his speedy trial claim, if any, appears to refer to the time period before the previous trial. This is noteworthy because "[t]here is a distinction between a petitioner who seeks to 'abort a state proceeding or disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson v. State of LA,* 816 F.2d 220, 226 (5th Cir. 1987), quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). If the reference to a 6th Amendment speedy trial violation is made to attempt to avoid prosecution, habeas relief is not available; however, an attempt to force the state to go to trial is properly brought before

5

the district court.[1]  *Id.*  That does not appear to be the case here, however, where Plaintiff does not request a speedy trial, and the gravamen of the complaint appears to be that he was never given a preliminary hearing and that the authorities refuse to produce warrants that he has requested as proof of their authority to hold him.  Complaint at 3.

Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in this case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page**.

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>U.S. Magistrate Judge

August 4, 2010
Florence, South Carolina

---

[1] In a federal habeas corpus case, state remedies may be rendered ineffective by inordinate delay or inaction in state proceedings. Mathis v. Hood, 851 F.2d 612 (2d Cir.1988) (six year delay).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).