IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Macco Edwards, | C/A No.: 4:10-998-JFA-TER |
| Plaintiff, | |
| vs. | ORDER |
| Ronnie Sabb, Solicitor; and Kevin Washington, Sheriff's Department, | |
| Defendants. | |

The *pro se* plaintiff, Macco Edwards, brings this action pursuant to 42 U.S.C. § 1983.[1] He is a pretrial detainee housed at the Williamsburg County Detention Center in South Carolina ("WCDC"). Plaintiff appears to allege that he is being held illegally because he is being detained without a warrant and in violation of the speedy trial doctrine.

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and Recommendation wherein he suggests that the court should abstain from interfering with the plaintiff's on-going state criminal proceeding. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff filed timely objections to the Report. Thus, it appears this matter is ripe for resolution.

According to the complaint, the plaintiff was held at the WCDC from 2002 until his conviction in 2006, and then he was transferred to a facility at the South Carolina Department of Corrections. In 2009, the Supreme Court of South Carolina overturned his 2006 conviction and plaintiff was transferred back to WCDC on October 13, 2009 to await his new trial.

As the Magistrate Judge notes in his Report, while difficult to discern what the plaintiff is seeking from his complaint, he appears to believe that he is being held without sufficient evidence and is denied his right to a speedy trial.

As an initial matter, the plaintiff alleges that he is involved in an ongoing state criminal proceeding. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court has held that a federal could should not equitably interfere with state criminal proceedings, "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

The Fourth Circuit Court of Appeals has set forth several criterion to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) *(citing Middlesex County Ethics Comm'n v.*

*Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, the Magistrate Judge correctly suggests that the plaintiff has other means to pursue his claims in state court during and after trial without this federal court's involvement. Moreover, the plaintiff cannot demonstrate "special circumstances" to justify federal intervention. *Dickerson v. Louisiana*, 816 F.2d 220, 225–26 (5th Cir. 1987).

In his objections, the plaintiff merely reiterates the claims he made in his complaint. He then states that he wants his and his brother's charges dismissed and then if that happens, he wants "to sue Mr. Ronnie Sabb or Kevin Washington for $32.5 million dollars. For false imprisonment." Because the objections are not specific, they are overruled.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

October 27, 2010
Columbia, South Carolina